## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patricia A. Dodson,<br><br>      Plaintiff,<br><br>        v.<br><br>Coatesville Hospital Corporation d/b/a<br>Brandywine Hospital,<br><br>      Defendant. | CIVIL ACTION<br><br><br>NO. 16-5857 |

## MEMORANDUM RE:

**Baylson, J.**                                              June __28__ , 2017

## I.    Introduction

This is an employment discrimination case in which Plaintiff Patricia Dodson ("Ms. Dodson" or "Plaintiff") alleges that she was wrongfully terminated by her employer, Defendant Coatesville Hospital Corporation ("Defendant" or "Hospital").   In her Second Amended Complaint, Plaintiff advances six claims:

- Count I: ADA Claim for Associational Disability Discrimination

- Count II: PHRA Claim for Associational Disability Discrimination

- Count III: ADEA Claim

- Count IV: PHRA Claim for Age Discrimination

- Count V: ADA Claim for Retaliation

- Count VI: PHRA Claim for Retaliation

Pending before the court is Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, in which Defendant seeks (1) dismissal of Counts III and IV of Plaintiff's Second

Amended Complaint, and (2) partial dismissal of Count V. Defendant's Motion will be GRANTED WITHOUT PREJUDICE.

## II.    Background

Taking Plaintiff's allegations as true, as is required at this stage, the factual background is as follows. Plaintiff Patricia Dodson was born in 1960, making her 56 years old at the time of her Second Amended Complaint. Second Amended Complaint ("SAC"), ECF 7, ¶ 8. Ms. Dodson began her position as Director of Physician Practices at Brandywine Hospital on May 10, 2010, which she alleges that she was well-qualified for. SAC ¶¶ 12-13. As Director of Physician Practices, Plaintiff reported to Bryan Burklow, the CEO of Brandywine Hospital. Id. ¶ 12.

Plaintiff alleges that in January 2011, her husband underwent surgery and treatment for colon cancer. Id. ¶ 14. Colon cancer affected all of Mr. Dodson's major life activities, and ultimately caused his death in February 2014. Id. Plaintiff alleges that while her husband was undergoing significant cancer treatment, Mr. Burklow began to inaccurately criticize her work performance. Id. ¶ 15. Mr. Burklow suggested that Mr. Dodson's condition was a distraction to Plaintiff's work, and would express frustration rather than concern for Plaintiff when she did not know the answers to Mr. Burklow's questions regarding Mr. Dodson's prognosis and course of treatment. Id. ¶ 16.

At a staff meeting on October 2011, Plaintiff alleges that Mr. Burklow made the comment that the Hospital's profitability was impacted by health insurance costs, and that some of those in leadership positions had serious illnesses in their families, and that he thought this was "because of our age." Id. ¶ 19. Plaintiff alleges that since Mr. Burklow became the CEO of the Hospital, the Hospital had engaged in a pattern of discriminatory behavior toward older workers. Id. ¶ 20. In support of this allegation, Plaintiff lists twelve "older and middle aged

employees" who either resigned or were terminated by the Hospital within a year of Plaintiff's termination.  Id.  Plaintiff was terminated on November 7, 2011.  Id. ¶ 21.

## III.  Procedural History

Plaintiff filed this case on November 14, 2016.  (ECF 1).  Defendant initially moved to dismiss Plaintiff's complaint in its entirety on February 20, 2017.  (ECF 5).  Plaintiff subsequently amended her complaint, filing a First Amended Complaint on March 6, 2017 (ECF 6), and then a Second Amended Complaint correcting a proofreading error on March 17, 2017. (ECF 7, ECF 9).  Defendant moved to dismiss Plaintiff's Second Amended Complaint in part on March 20, 2017.  (ECF 8).  Plaintiff responded on April 3, 2017.  (ECF 10).  Defendant did not file a reply brief.  Defendant's motion is ripe and before the Court.

## IV.  Legal Standard

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint.  Fed. R. Civ. P. 12(b)(6); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In evaluating a motion to dismiss, the court must view factual allegations in a light most favorable to the plaintiff, drawing all reasonable inferences therefrom.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The United States Supreme Court has established a two-part test to determine whether to grant a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  First, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555.  In turn, these factual allegations must be sufficient to provide a defendant the type of notice contemplated in Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a

short and plain statement of the claim showing the pleader is entitled to relief); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). That is, the pleadings must contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679. In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible." Id. at 683; accord Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

## V. Discussion

Defendant moves to dismiss Plaintiff's Age Discrimination Claims under the ADEA and the PHRA, arguing that Plaintiff's allegations are insufficient to state a claim under federal and state law. In addition, Defendant seeks partial dismissal of Plaintiff's ADA Retaliation Claim.

### A. Age Discrimination

To state a claim for age discrimination under both the ADEA and the PHRA, a plaintiff must allege: (1) membership in the protected class of those over forty years old; (2) that she suffered an adverse employment decision; (3) that she was qualified for the position in question; and (4) that she was ultimately replaced by another employee who was sufficiently younger so as to support a reasonable inference of age discrimination. See Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015).

To make out a prima facie case, an ADEA plaintiff must allege sufficient facts to show a causal nexus between her age and the harm suffered. See Alja-Iz v. U.S. Virgin Islands Dep't of Educ., 626 F. App'x 44, 47 (3d Cir. 2015); see also Brzozowski v. Pennsylvania Tpk. Comm'n, 165 F. Supp. 3d 251, 262 (E.D. Pa. 2016). If a Plaintiff is not directly replaced, she can satisfy

this pleading standard by including facts which "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Id. (citing Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 352 (3d Cir. 1999)). For example, an allegation that similarly-situated non-protected employees were treated more favorably could give rise to this inference. See Gordon v. PPL Corp., No. 10-CV-03420, 2011 WL 1325993, at *4 (E.D. Pa. Apr. 7, 2011); see also Wilson v. N. Westmoreland Career and Tech. Ctr., No. 09-cv-1492, 2011 WL 772881, at *9 (W.D. Pa. Feb. 28, 2011).

Defendant does not contest that Plaintiff has stated that she is a member of the protected class, suffered an adverse employment action, and was qualified for her job; Defendant argues that Plaintiff has not alleged the fourth element of an ADEA prima facie case. ECF 8, Def. Br. at 5. Defendant contends that Plaintiff does not identify who replaced her as Director of Physician Practices at the Hospital, and does not allege any other facts that would allow the Court to infer a causal nexus between her age and Defendant's decision to fire her. Id. at 6. Plaintiff responds that her allegations are sufficient, pointing to her allegation regarding an "ageist statement" made by Mr. Burklow (SAC ¶ 19), and to her allegation regarding twelve other "older employees who were either fired or resigned during approximately the same year" that she was fired (SAC ¶ 20). See Pl. Br. at 9.

Plaintiff's allegations are insufficient to state a claim for age discrimination under the ADEA or the PHRA. Plaintiff has not alleged any facts regarding how her position was filled after she was terminated. While this alone is not fatal, because the prima facie case is not intended to be rigid, Plaintiff does not offer any other facts that can overcome this deficiency. As Plaintiff herself admits, in order to succeed on a claim for age discrimination, she must show that her age was a "but-for cause" of her firing. That is, absent being over forty, she would not

have been terminated. Plaintiff has not alleged facts that if proven, could establish this necessary element.

Perhaps most critically, Plaintiff does not allege that similarly-situated younger workers were treated better than Plaintiff. Cf. Gordon v. PPL Corp., No. 10-CV-03420, 2011 WL 1325993, at *4 (E.D. Pa. Apr. 7, 2011) (dismissing an ADEA claim where Plaintiff made no allegations regarding a replacement or preferential treatment of similarly situated non-protected employees). Plaintiff's allegations regarding other "older workers" are not a substitute. At best, Plaintiff's litany of departed older workers could establish correlation between age and adverse employment action; they cannot plausibly give rise to an inference of causation. There is an important logical link missing in Plaintiff's theory.

### B. ADA Retaliation

Defendant moves to strike a portion of Plaintiff's prayer for relief under Federal Rule of Civil Procedure 12(f). Def. Br. at 10. Specifically, Defendant asks this Court to strike Plaintiff's request for compensatory and punitive damages for retaliation under the ADA. Id. In doing so, Defendant argues that such remedies are not available for an ADA retaliation claim. Id. Plaintiff responds that there is no reason to strike this prayer for relief at this stage, because as a matter of law, the prayer for relief it is separate from the statement of the claim itself. Pl. Br. at 14. In addition, Plaintiff argues that the law on this issue is not fully settled. Id. at 15.

Rule 12(f) authorizes a party to move for the striking of any insufficient defense, or redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). Motions to Strike under Rule 12(f) are typically disfavored. However, such a motion is appropriate and should be granted "if the prayer for relief asserted is unavailable under the applicable law." Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan, 817 F. Supp. 2d 515, 520 (E.D. Pa.

2011) (citing (<u>Siko v. Kassab, Archbold & O'Brien, L.L.P.</u>, No. CIV.A. 98-402, 1998 WL 464900, at *6 (E.D. Pa. Aug. 5, 1998)).

Courts in this district have held that compensatory and punitive damages are unavailable for ADA retaliation claims, and such prayers for relief should be dismissed at this stage. <u>See, e.g.</u>, <u>Binder v. Pa. Power & Light Co.</u>, 06-CV-02977, 2007 U.S. Dist. LEXIS 80117 (dismissing request for compensatory and punitive damages upon Rule 12 motion) (citing <u>Shellenberger v. Summit Bancorp., Inc.</u>, 2006 U.S. Dist. LEXIS 36314 (June 1, 2006) (Baylson, J.) (this Court holding, on a post-trial motion, that compensatory and punitive damages are unavailable for ADA retaliation claims)). Plaintiff has not cited, and this Court has not located, any cases from this district which hold to the contrary. It is true, as Plaintiff points out, that the Third Circuit has not addressed this issue. Plaintiff points to a split amongst other circuits to argue that the law on this issue is not settled. This Court disagrees, and declines to rethink its prior reasoning in <u>Shellenberger</u>, or depart from the consensus in this district. Compensatory and punitive damages are not available for ADA retaliation claims, and to the extent Plaintiff requests such relief for her ADA retaliation claim, those requests are stricken under Rule 12(f).

## VI.    Conclusion

An appropriate order follows.

O:\CIVIL 16\16-5857 Dodson v. Coatesville Hospital\16cv5857 Memo - MTD.docx